Filed 1/24/24  P. v. Aguilar CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

JUAN BATZ AGUILAR,

      Defendant and Appellant.

E081901

(Super.Ct.No. RIF2300818)

OPINION

APPEAL from the Superior Court of Riverside County.  Charles G. Rogers, Judge. (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Juan Batz Aguilar, in pro. per.; Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## STATEMENT OF THE CASE

On March 2, 2023, a felony complaint charged defendant and appellant Juan Batz Aguilar with making terrorist threats under Penal Code[1] section 422 (count 1); resisting, delaying, and obstructing a police officer under section 148, subdivision (a)(1) (count 2); and violating a protective order under section 273.6, subdivision (a). The complaint also alleged a single strike prior within the meaning of section 667, subdivisions (c), and (e), and section 1170.12, subdivision (c).

On August 1, 2023, defendant pled guilty to counts 1 and 2 and admitted the strike prior. Thereafter, the trial court imposed the agreed-upon term of four years as follows: the middle term of two years for count 1, doubled per the strike prior, and one year for count 1, to be served concurrently with count 1. The court then found that defendant had no ability to pay fines or fees, and imposed and stayed the minimum restitution fine and parole revocation fine. The court did not impose additional fees. Additionally, the court awarded custody and good-time credits, struck an existing criminal protective order, and issued a new criminal protective order.

On August 9, 2023, and August 16, 2023, defendant filed in pro. per. notices of appeal. Neither notice of appeal included a request for a certificate of probable cause; hence, the trial court did not issue a certificate of probable cause.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

# STATEMENT OF FACTS

At the hearing wherein defendant pled guilty, he admitted his strike prior and that he violated sections 422 (count 1) and 148, subdivision (a)(1).

As to count one, the following dialogue ensued:

"The Court: . . . Count 1 alleges that you committed a criminal threat, that is a verbal statement to another person that threatens death or great bodily injury. It is a statement that is under the circumstances of which it was made so definite and immediate that it scared the other person to think you were going to do it, and it caused that person to remain in sustained fear for their own safety or safety of family members.

"Did you make a threat like that sir?

"The Defendant: Yes."

As to count 2, the prosecutor summarized the evidence as follows:

"[Prosecutor:] While the officer was attempting to investigate the current charge, the defendant fled on foot. They eventually later that evening, five to six hours later, 11 o'clock at night found him in his car.

"The officer would have testified to the fact they saw the defendant in the car. Were able to identify him, were notifying him on speaker phone on like the car speaker in English and Spanish that he needed to come out. The car door was locked. They tried to get [him] out. Exhausted multiple resources, including I believe it's the AVR vehicle, um, multiple officers to try to get the defendant out of the car.

"In the testimony they would have said he start[ed] moving around in the car, still not coming out. I believe the [standoff] lasted for about an hour. And then they pulled him out of the car.

"The Court: Sir, did you run from the police at any point?

"[Defendant]: I don't remember.

"The Court: Okay. Um, do you remember the police contacting you in your car?

"Defendant: No. I don't remember. I was sleeping.

"The Court: Okay. Um, do you remember the police waking you up while you were sleeping in your car?

"Defendant: When they threw tear gas on me I was sleeping?

"The Court: Do you agree if the evidence were presented, according to what's described in the discovery that would be presented in evidence?

"[Defense Counsel]: Yes, Your Honor."

After defendant pled guilty to counts 1 and 2, the trial court asked defendant: "Is it likewise true, sir, that you have suffered a conviction for a prior strike that being the probation violation case ending 614. Is it true you were convicted of that offense in that case?" Defendant responded, "Yes. That's true."

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this

4

court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

1. "Is appellant's plea constitutionally valid?"

2. "Did the trial court comply with its duty under Penal Code section 1192.5 to establish a sufficient factual basis for the guilty plea?"

We offered defendant an opportunity to file a personal supplemental brief. On December 28, 2023, defendant filed a one-page handwritten brief with attachments.

In his brief, defendant argues that he "never had a firearm nor was one found on my person," and did not know that he was admitting to a strike prior because he "had no knowledge of a strike prior to signing the deal." Moreover, defendant contends that "I feel I was taken advantage of and was pressured to sign my deal with the D.A."

Defendant's claims challenge the validity of his pleas. Under section 1237.5, " 'an appeal may not be taken after a plea of guilty or no contest unless the defendant has filed a statement showing reasonable grounds for appeal and the trial court has executed and filed a certificate of probable cause. This requirement does not apply, however, if the appeal is based upon grounds that arose after entry of the plea and that do not affect the validity of the plea.' " (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 195; § 1237.5.) Hence, because defendant did not obtain a certificate of probable cause, his claims are barred. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.